|1SCHOTT, Chief Judge.
This tort claim by plaintiff, James Moffett, and against Buck Kriehs Company, Inc., was dismissed by summary judgment. The trial court found that plaintiffs injury occurred while he was engaged in his duties as the statutory employee of Kriehs pursuant to LSA-R.S. 23:1061 with the result that Kriehs was immune to the tort suit. Plaintiff has appealed contending there are genuine issues of material fact which preclude summary judgment.
These facts were set forth in an affidavit of the Vice President of Kriehs: Kriehs is in the business of top-side ship repairs. It contracted with Sea Lift Inc. to make extensive fire damage repairs on Sea Lift’s M/V Seta which was docked at the St. Maurice Avenue Wharf at the Port of New Orleans. The work was expected to take an extended period of time before completion. There was a need for security in order to protect equipment and material as well as crew members of the ship and employees of Kriehs. The contract between Sea Lift and Kriehs required Kriehs to “[pjrovide security watch at gate during non-working hours.” Kriehs contracted out the security services to Wag-enhut Corporation by whom plaintiff was employed as a security guard andj^assigned to the job at the St. Maurice Wharf on December 9, 1991. The procedure of utilizing security forces in this fashion was routine. Kriehs uses its own employees for some security services such as bank runs, internal investigations, and opening its shop during non-business hours in emergencies but these duties of Kriehs’ employees are secondary and not primary duties.
In his deposition plaintiff testified as follows: He was assigned by Wagenhut to the St. Maurice Wharf job and worked the noon to midnight shift starting on December 8, 1991. He was posted at the bridge providing access to the wharf and checked incoming personnel. On the next day he was instructed to make periodic rounds on the wharf to check for intruders hiding behind trailers and other objects on the wharf. Late that night while making a round he slipped and fell on some pipe which was laying on the floor of the wharf.
The question is whether under these undisputed facts Kriehs is the “principal” with respect to plaintiff and thereby liable for compensation to the exclusion of plaintiffs tort remedy under R.S. 23:1061(A). That section provides in pertinent part that when a person (Kriehs), the principal, undertakes to execute any work which is part of his trade, business, or occupation or which he had contracted to perform, and contracts with another (Wagenhut), the contractor, for the execution of all or part of the work undertaken by the principal, the principal shall be liable to the contractor’s employees for any compensation benefits he would have been liable to pay if the employees had been immediately employed by the principal.
The trial court held that plaintiffs services were part of the trade, business or occupation of Kriehs and dismissed his suit on that basis. The court also found that the “two contract” theory precluded plaintiffs tort claim. We find no error in the trial court’s reasons and affirm the judgment.
Until the passage of Act 454 of 1989 courts struggled with the ^interpretation of the statute as to whether the contractor’s employee was engaged in the trade, business, or occupation of the principal. This culminated with Berry v. Holston Well Service Inc., 488 So.2d 934 (La.1986). In response, by Act 454 of 1989, the legislature amended R.S. 23:1061(A) to add the following sentence:
... The fact that the work is specialized or non-specialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
It is clear from this amendment that the legislature liberalized the law in favor of the employee seeking compensation against his statutory employer, and conversely his right to a tort action has been constricted.
Applying these new standards, the issue is whether the security services which defen *800 dant contracted out to Wagenhut, plaintiffs immediate employer, are a part of Kriehs’ trade, business, or occupation. Defendant’s affidavit provides that security is essential to its operation on an open dock for the protection of personnel, property, and equipment. That security is absolutely necessary is evidenced by the repair contract between defendant and Sea Lift wherein Sea Lift thought security so essential that it mandated the services and defendant agreed. Defendant, however, recognizing the problems of open dock work, contracted out for 24 hour security. We can also take judicial notice that for someone like Kriehs which is engaged in all night work at a dock in New Orleans security is obviously a part of its trade, business, or occupation. Consequently, the trial court correctly found plaintiff to be the statutory employee of Kreihs when he met with his accident.
^Additionally, since Kriehs contracted with Wagenhut to perform the security work which Kriehs had contracted with Sea Lift to perform, the “two contract” theory of § 1061 makes plaintiff the statutory employee of Kriehs.
For the foregoing reasons, R.S. 23:1032 precludes plaintiffs tort suit against Kriehs and the judgment of the trial court is affirmed.

AFFIRMED.